

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2008

# In Re: Lamar McCrory

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-4242

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"In Re: Lamar McCrory " (2008). *2008 Decisions.* Paper 203.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/203

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-26**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-4242
_____

IN RE: LAMAR McCRORY,
Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 95-cr-00338-BMS-3)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.

Before: SLOVITER, FUENTES and JORDAN, Circuit Judges
November 6, 2008

(Opinion filed November 20, 2008)
_____

OPINION
_____

PER CURIAM

On October 13, 2008, Lamar McCrory filed this pro se mandamus petition

pursuant to 28 U.S.C. § 1651, seeking an order that the District Court be compelled to act

upon his pending Writ of Audita Querela. For the reasons that follow, we will deny the

petition without prejudice.

Mandamus is a drastic remedy available only in the most extraordinary of

1

circumstances.  See In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir.

2005).  It is not a substitute for an appeal.  See In re Chambers Dev. Co., 148 F.3d 214,

226 (3d Cir. 1998) ("[M]andamus is not a substitute for appeal and a writ of mandamus

will not be granted if relief can be obtained by way of our appellate jurisdiction").  To

demonstrate that mandamus is appropriate, a petitioner must establish that he has "no

other adequate means" to obtain the relief and that he has a "clear and indisputable" right

to issuance of the writ.  Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996).

As a general rule, the manner in which a court disposes of cases on its docket is

within its discretion.  See In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir.

1982).  Indeed, given the discretionary nature of docket management, there can be no

"clear and indisputable" right to have the district court handle a case on its docket in a

certain manner.  See Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 36 (1980).

That said, McCrory filed his petition for relief pursuant to the Writ of Audita

Querela on April 15, 2008.  After nearly six months of inaction by the District Court,

McCrory filed his mandamus petition with this Court.  As McCrory correctly points out,

we expressed "concern" in Madden over only four months of inaction by a district court

with respect to that mandamus petitioner's objections to the Magistrate Judge's Report

and Recommendation.  See Madden, 102 F.3d at 79.

However, as in Madden, we find here that the delay in McCrory's case "does not

yet rise to the level of a denial of due process," especially given the attendant

2

circumstances.  <u>Id.</u>  Specifically, we note that McCrory's case was reassigned to the Honorable Judge Schiller by order signed on October 15, 2008, following the retirement of former Chief District Judge Giles.  It has only been a matter of weeks since the reassignment, and thus mandamus relief for McCrory is premature.  We are confident that the District Court will address the petition appropriately in due course.